UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN A. SWAN, Plaintiff | ) ) ) |
| v. | ) NH C.A. No. 05-401ECT ) RI C.A. No. 05-491T |
| PAUL J. BARBADORO, ET AL., Defendants | ) ) ) ) |

PLAINTIFF'S MOTION FOR REFUND OF FILING FEE WHICH THIS COURT
ERRONEOUSLY RULED HAD NOT BEEN PAID

I, Steven A. Swan, the incarcerated plaintiff in this action, proceeding pro se, hereby moves this Court for a refund of the two hundred fifty dollar ($250.00) filing fee in this case, which this Court erroneously ruled had not been paid and which this Court used as the sole basis for dismissing my complaint.

1. On November 14, 2005, I filed the Complaint in this action with the clerk of the U.S. District Court for the District of New Hampshire. At the time of the filing, I paid the two hundred fifty dollar ($250.00) filing fee, which is evidenced by the docket entry (No. 1) in that court and which also shows that the Receipt Number is 028059.

2. Because one of the named defendants in this case was a sitting judge of that court, all of the other judges recused themselves from the case and it was transferred to the U.S. District Court for the District of Rhode Island.

3. On April 4, 2006, Senior U.S. Magistrate Judge Jacob Hagopian issued a Report and Recommendation in this case recommending,

**ORDER**

DENIED. No basis exists to refund the filing fee for a plaintiff who is unsucessful in the prosecution of his case.

_____
Jacob Hagopian
Senior U.S. Magistr...

inter alia, that my complaint be dismissed because I had not paid the filing fee. ("And it appears that the plaintiff has not paid the filing fee required in all civil cases nor has he filed a motion to proceed in forma pauperis." Page 3 of Magistrate Judge Hagopian's Report and Recommendation.)

4. On May 11, 2006, I mailed an Objection to Magistrate Judge Hagopian's Report and Recommendation to this Court in which I provided evidence that I had, in fact, paid the filing fee in the New Hampshire court. ("However, Docket Entry #1 in the New Hampshire District Court [where this action originated] clearly shows that the $250.00 filing fee was paid by me and that the receipt number is 028059." Paragraph 9 of my Objection.)

5. On May 25, 2006, Chief Judge Ernest C. Torres of this Court dismissed my complaint because he erroneously believed that I had not paid the filing fee.

> However, as the magistrate judge pointed out, Swan's reliance on N.H.L.R. 4.3(d)(2) is misplaced because the rule merely permits a magistrate judge to appoint someone to effect service and it does so only if the incarcerated person is proceeding in forma pauperis. Moreover, the rule permits but does not require the magistrate judge to direct the clerk to issue summonses and does so only if the inmate has paid the filing fee. Here, Swan is not proceeding in forma pauperis and has not paid the filing fee.
> This Court agrees with the magistrate judge's finding that Swan also has failed to state a claim on which relief can be granted because he does not allege that his conviction has been reversed on direct appeal, expunged by executive order or declared invalid. Heck v. Humphrey, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 2372-3 (1994). However, this Court does not base its decision on that ground because the show cause order does not provide Swan with notice of and an opportunity to address the issue.
> Accordingly, Swan's complaint is hereby DISMISSED for

failure to prosecute.

6. Because this Court dismissed my complaint because of my alleged failure to pay the filing fee, on May 31, 2006 I wrote a letter to the Clerk of the New Hampshire District Court requesting a refund of the $250.00 I had paid to that court for docketing the case. On June 8, 2006, the Chief Deputy Clerk of that court responded that he did not have the authority to refund my money.

WHEREFORE, because this Court dismissed my complaint because it erroneously ruled that I had not paid the $250.00 filing fee, I hereby request that this Court--

A. Order the clerk of the U.S. District Court for the District of New Hampshire to refund to me the $250.00 I had paid to that Court; and

B. Provide such other and further relief as is authorized by law or equity.

Because of the nature of this motion, I do not believe that a memorandum of law in support of it is necessary.

Copies of this motion have not been served upon the named defendants in this case because no magistrate judge ever ordered the clerk to sign and seal the proposed summonses and return them to me so that I could serve them, nor have any of the named defendants responded to the Notices of Lawsuit and Requests for Waiver of Service of Summons I mailed to them.

Dated: June 13, 2006

Respectfully submitted,

Steven A. Swan, pro se
00259-049 Camp
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432

(3)